**Lok Thye LAU, Plaintiff—Appellant,**

v.

**Alberto R. GONZALES,\* Attorney General, Defendant— Appellee.**

No. 03–17174.

D.C. No. CV–02–00390–GEB.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 11, 2005.

Decided Aug. 19, 2005.

---

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

 

Cori A. Harbour, The Harbour Law Firm P.C., El Paso, TX, for Plaintiff–Appellant.

Kristin S. Door, Office of the U.S. Attorney, Sacramento, CA, for Defendant–Appellee.

Before PREGERSON, HAWKINS, and THOMAS, Circuit Judges.

## MEMORANDUM**

Lok Thye Lau appeals the district court's grant of summary judgment. We affirm.

### I

The district court properly granted summary judgment on Lau's national origin and race discrimination claims. To withstand the government's motion for summary judgment, Lau had to first establish a *prima facie* case by showing that: "(1) he belongs to a protected class; (2) he was qualified for the position; (3) he was subject to an adverse employment action; and (4) similarly situated individuals outside his protected class were treated more favorably." *See Chuang v. Univ. of Cal. Davis*, 225 F.3d 1115, 1123–24 (9th Cir. 2000). The district court properly excluded a declaration purporting to support the claim on the basis that the affiant did not establish the basis of his personal knowledge. *Block v. City of Los Angeles*, 253 F.3d 410, 419 (9th Cir.2001). Without the declaration, there was no admissible evidence in the record to support Lau's contention that similarly situated individuals outside his protected class were treated more favorably than he was. The evidence that superior officers were treated more favorably than field agents in disciplinary proceedings within the FBI does not demonstrate that there was discrimination based on race or national origin. Therefore, the district court did not err in granting summary judgment on his race and national origin discrimination claim.

### II

The district court properly granted summary judgment on Lau's Title VII retaliation claim. Lau did not challenge on appeal the district court's exclusion of evidence supporting his retaliation claim. As a result, there was no admissible evidence in the record to support the claim. The district court properly granted summary judgment.

### III

The district court also properly granted summary judgment on Lau's Rehabilitation Act claim. Because Lau violated the FBI's "bright line" policy by committing a criminal act and lying about it, he was not "otherwise qualified" for the position. *See Mantolete v. Bolger*, 767 F.2d 1416, 1421 (9th Cir.1985).

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.